## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

JOE BILLY RUSSELL, JR.,

        Plaintiff,

VS.

ICDC WARDEN and Captain BATTLE,    NO. 7:11-CV-99 (HL)

        Defendants.

**O R D E R**

Plaintiff **JOE BILLY RUSSELL, JR.**, currently a federal prisoner in Lompoc, California, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On August 24, 2011, Plaintiff filed an amendment to his complaint in which he asks this Court to "amend [his] complaint from 1983 complaint to Federal Tort Claims Act" (Doc. 8).

In compliance with this Court's prior Order dated July 28, 2011 (Doc. 9), Plaintiff has paid an initial partial filing fee of $35.00. Plaintiff subsequently paid $33.00. Notwithstanding this Court's dismissal of his case, Plaintiff remains obligated to pay the balance of the $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager of the U.S. Penitentiary in Lompoc.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also* **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of

2

state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A shall be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff was sentenced on November 1, 2010, in the Eastern District of Tennessee and was thereafter transferred to the Irwin County Detention Center ("ICDC"). On February 15, 2011, Plaintiff was transported from the ICDC to the Atlanta airport to be taken into custody by the Federal Bureau of Prisons. Upon arrival at the airport, Plaintiff was informed that he could not take with him on the airplane his box of personal belongings, including witness statements and other evidence Plaintiff claims is necessary for establishing his innocence in his underlying criminal action. Plaintiff states that unnamed ICDC transportation officers advised Plaintiff that his belongings would be shipped to his sister. After Plaintiff's belongings failed to arrive at his sister's residence, Plaintiff wrote several letters inquiring about their whereabouts to ICDC Defendants Captain Battle and "Warden." Plaintiff received no response to any of his letters from the Defendants.

According to Plaintiff, without his legal materials, he does not "have the evidence to get [his conviction and/or sentence] overturned now that [it is] on appeal." This Court's review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has an appeal pending

before the Sixth Circuit Court of Appeals and that Plaintiff is represented by counsel. ***United States of America v. Russell***, 4:09-cr-12 (E.D. Tenn) (Docs. 34, 35).

### III.  DISCUSSION

As an initial matter, Plaintiff has no claim under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671–2680. A lawsuit under the FTCA can only be brought against the United States for the acts or omissions of an employee of the federal government. ***See*** 28 U.S.C. §§ 1346(b) & 2671; ***Trupei v. United States***, 304 F. App'x 776, 782 (11th Cir.2008) ("[T]he FTCA authorizes claims only against the United States.").  Even if Plaintiff had named the United States as a defendant, his FTCA claim would fail because the acts or omissions of which Plaintiff complains were not committed by federal government employees. Moreover, even if the Defendants were federal employees, the exception of 28 U.S.C. § 2680(c) precludes suits for detention of property against prison officials, who are law enforcement officers. ***See Ali v. Federal Bureau of Prisons***, 552 U.S. 214, 128 S. Ct. 831, 169 L.Ed.2d 689 (2008) (holding that federal prisoner has no cause of action for loss of property under the FTCA).

Plaintiff similarly has no claim under section 1983 either for loss of his property or for denial of access to courts.  "[W]hen a deprivation of property is random and unauthorized, '[a]ll that due process requires . . . is a postdeprivation "means of redress for property deprivations satisfy[ing] the requirements of procedural due process"'." ***Pacesetter Apparel, Inc. v. Cobb County***, 374 F. App'x. 910, 912 (11th Cir. Apr. 1, 2010) (quoting ***McKinney v. Pate***, F.3d 1550, 1563 (11th Cir. 1994) and ***Parratt v. Taylor***, 451 U.S. 527, 537 (1981), overruled on other grounds by ***Daniels v. Williams***, 474 U.S. 327 (1986)).  Georgia tort law offers an adequate postdeprivation remedy for prison officials' unlawful deprivation of an inmate's property. ***See*** O.C.G.A. § 51-10-1; ***Byrd v. Stewart***, 811 F.2d

554, 555 n.1 (11th Cir. 1987). Plaintiff should seek redress against the responsible parties in the state courts pursuant to this Georgia statute.

To state a valid access to courts claim, a prisoner must allege an actual injury. ***Lewis v. Casey***, 116 S. Ct. 2174, 2177-79 (1996). The injury must relate to prospective or existing litigation, such as "missing filing deadlines or being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." ***Wilson v. Blankenship***, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998). Plaintiff's appeal is ongoing and he is being represented by counsel. Given these facts, Plaintiff's conclusory allegation that his appeal has been frustrated by the loss of his legal materials is insufficient to allege an actual injury.

Moreover, even if Plaintiff had alleged a valid claim for the loss of his property or denial of access to courts, he has failed to state facts supporting the named Defendants' liability to him. Plaintiff does not allege that either Captain Battle or the Warden were involved in the loss of Plaintiff's property. The Defendants' failure to respond to Plaintiff's letters does not constitute a constitutional violation. Moreover, these individuals cannot be held liable by virtue of their supervisory positions. ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.").

## IV.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 13th day of October, 2011.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr